(121 App. Div. 678.)

### FARRELLY v. SCHAETTLER.

(Supreme Court, Appellate Division, First Department. October 25, 1907.)

EXECUTORS AND ADMINISTRATORS—OBLIGATIONS INCURRED BY EXECUTRIX'S AGENT—LIABILITY OF ESTATE.

> Where an executor was authorized to carry on testator's business as a cabinet maker and builder, but not to become a member of a building trades employers' association, nor to pledge the estate's assets for such purpose, and the executrix's agent in managing the business, being a member of such association, obtained a bond to qualify as such member, applying for the bond in the name under which the business was carried on, and agreeing to indemnify the surety against liability, the estate cannot be compelled to indemnify the surety; it not appearing that the estate derived advantage from the agent's membership in the association.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 407, 408, 435–447.]

Appeal from Trial Term.

Action by Stephen Farrelly, ancillary receiver of the City Trust, Safe Deposit & Surety Company of Philadelphia, against Carolina A. Schaettler, as executrix of Ferdinand Schaettler. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

F. J. Rooney, for appellant.
Frederic J. Swift, for respondent.

INGRAHAM, J. Ferdinand Schaettler, the testator, died leaving a widow and four children and a last will and testament, which was duly admitted to probate. That will contained the following provision:

"I would hereby suggest to my family my earnest desire that they should conduct together, if such a result can be amicably arranged, my business of

cabinet maker and builder at the factory now owned by me at Thirty-Fourth street in this city, and while I give no specific directions, fearing some complication may arise therefrom, I nevertheless feel convinced that the business now in progress, if properly conducted and continued by them, would result to the material advancement and benefit of my family, and should they elect so to continue said business under the direction of my said executrix the privilege of so doing is granted by this my will and an earnest wish expressed by me that they shall act harmoniously in the conduct thereof in such manner and on such terms as my said wife and executrix may elect in her discretion, leaving this matter absolutely and entirely with her."

Letters testamentary were issued to the defendant on August 10, 1893, and acting under the authority of this clause of the will she continued the business of "F. Schaettler." It would seem that the defendant had little to do with this business, but it was conducted by George Schaettler, the testator's son, who was her general representative in managing the business; and on November 17, 1904, there was published a notice that the executrix was the person who intended to deal under the name of "F. Schaettler," and to continue and carry on such business of making and dealing in cabinet and architectural woodwork under such name of "F. Schaettler" in the city of New York, and that was signed by herself as "executrix of the last will and testament of Ferdinand Schaettler, deceased." It appeared that during the periods that this business was conducted by the testator's son there was a voluntary association known as the "Association of Interior Decorators and Cabinet Makers of the City of New York," and that George Schaettler, the testator's son, was a member of that association. Neither the testator nor the defendant, however, was a member of that association. There was also an association known as the "Building Trades Employers' Association"; but neither the defendant nor her son was ever either an associate or honorary member of that association.

On June 13, 1904, George Schaettler applied to the City Trust, Safe Deposit & Surety Company of Philadelphia to procure a bond for $1,000. In this application he stated that his full name and principal place of business was "F. Schaettler, 533–537 W. 54 St., N. Y. C., Estate of F. Schaettler"; that he had answered that question for the purpose of procuring the above-mentioned bond; "and in consideration of the execution by the City Trust, Safe Deposit & Surety Company of Philadelphia (hereinafter called the company) of the bond above applied for, I (we) do hereby agree for myself, (ourselves, our) heirs, executors and administrators to pay to the company upon the execution of the said bond the premium of five dollars, * * * and to faithfully, fully and strictly comply with all the terms and conditions of the said bond, and to keep harmless the company from and against all suits, actions, loss, damages, costs, charges, counsel fees and expenses whatsoever, which the company shall or may from any cause at any time sustain or incur by reason or in consequence of the company having given and executed the said bond, and to pay to the company all damages for which the company shall become responsible upon said bond before the company shall be compelled to pay the same." This application was signed: "F. Schaettler, Geo. Schaettler, Atty." The trust company executed the bond whereby, "we, F. Schaet-

tler (hereinafter called the principal) and the City Trust, Safe Deposit & Surety Company of Philadelphia, * * * (hereinafter called the surety), are held and firmly bound unto the Building Trades Employers' Association, and Charles L. Eidlitz, as president of the Building Trades Employers' Association, and his successors, and the individual members thereof (hereinafter called the obligees), in the sum of one thousand ($1,000) dollars." The bond then recited that the aforesaid principal had been admitted as a represented member of the Building Trades Employers' Association upon his agreement and stipulation that he would "obey and execute all decisions, orders, prohibitions and regulations of the board of governors of said Building Trades Employers' Association, and also upon the execution and delivery of this undertaking to said association, to pay to said obligees the sum of one thousand ($1,000) dollars for liquidated damages to said obligees, by reason of any noncompliance of said principal with said agreement and stipulation"; and the bond was thereupon conditioned that "if the said principal shall duly and faithfully obey and execute any and all such decisions, orders and prohibitions and regulations of the said board of governors of the said Building Trades Employers' Association, given in pursuance under the authority of the constitution and by-laws of said association, then the undertaking shall be void, otherwise to remain in full force and effect," and this instrument was signed by F. Schaettler, G. Schaettler, attorney, and by the trust company, and delivered to the Building Trades Employers' Association.

On November 17, 1904, the trust company was notified by the Building Trades Employers' Association that this bond had been ordered forfeited by the board of governors, and a letter was written by the said association to "Mr. F. Schaettler" that the bond had been declared forfeited by the association and payment had been demanded of the amount secured to be paid. There was evidence that charges had been made against the firm of F. Schaettler of having violated the orders of the board of governors of the Building Trades Employers' Association; that notice of such charges had been given to the firm of F. Schaettler, with a notice that the charges had been referred by the board of governors to the grievance committee, and F. Schaettler was required to appear before the grievance committee on November 1, 1904. On November 2, 1904, the board of governors of this association passed a resolution that the bond of F. Schaettler be forfeited and F. Schaettler be expelled from the association. On October 25, 1904, notice was given to the trust company by F. Schaettler to refuse to pay the amount of the bond. Subsequently the surety company paid the $1,000 to the Building Trades Association, and then made a demand on the defendant as executrix for the amount of the bond that they had paid. That demand not having been complied with, this action was commenced, and judgment has been rendered against the defendant as executrix of the estate of Ferdinand Schaettler, deceased.

The first and serious question presented is whether, upon these facts, there is any liability against the estate of Ferdinand Schaettler. In the first place, it is apparent that the estate of Ferdinand Schaettler

was not a member of either of these voluntary associations. The membership of the Building Trades Association, by section 3 of its constitution consisted of "any person who employs, or any firm or corporation which employs, labor in the building industry, or who has or which has its individual capital invested in such business, or any person who, at the date of the adoption of the constitution, was a member in good standing in the Building Trades Employers' Association of the City of New York." Section 4 provides that:

"Any employer, firm or corporation, holding membership in a trade organization represented in the board of governors of the Building Trades Employers' Association, shall be a member of the association and known as a represented member; and any person of good moral character who is an employer of labor or has his individual capital invested in business (other than the building industry) is eligible and is herein designated as associate member."

Section 11 provides that:

"In order to insure the compliance with and obedience to the decisions, orders, prohibitions and regulations of the board of governors, all represented and individual members shall give bonds to this association. The form and amount of such bonds shall be determined by and satisfactory to the board of governors."

George Schaettler, who, as a representative of his mother, conducted this business of F. Schaettler, was a member of the Association of Interior Decorators and Cabinet Makers. This association was represented upon the board of governors, and George Schaettler was, therefore, under section 4 of the constitution, a represented member of the association. George Schaettler, who became a representative member of this association, was, under the provisions of the constitution before referred to, required to give a bond to the association. He made an application for the bond in the name of the business carried on by his mother as executrix, and, under the name in which the business was carried on, agreed to indemnify the plaintiff for any loss or damage occasioned to them by reason of the execution of this bond. Assuming that the defendant would be individually liable, the question is then presented as to whether the estate is liable.

This obligation was not created as a part of the business which the defendant was carrying on under the provisions of the will to which reference has been made. So far as appears, the business obtained no advantage in consequence of this membership of George Schaettler in the voluntary association. It is the settled doctrine of the courts of common law that a debt contracted by an executor after the death of his testator, although contracted by him as executor, binds him individually, and does not bind the estate which he represents, notwithstanding it may have been contracted for the benefit of the estate. Austin v. Munroe, 47 N. Y. 360. "It has been held in numerous cases that an executor, carrying on a trade under the authority of the will, binds himself individually by his contracts in the trade." Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493. The action is against the defendant in her representative capacity, and a judgment in this action binds all the estate of the testator, whether or not it was invested in the business or used to carry it on under the power contained in the will.

Whatever rights the plaintiff may have as against the individuals who are carrying on the business, or would have in equity as against the assets of the estate, in the event that the executrix whose contracts are sought to be enforced should be insolvent, it seems to me clear, applying the principle, clearly established, that at law no contract made by the executor of the estate can be enforced against the estate. There is nothing in this will which authorizes the executrix to incur any liability on behalf of the estate, or in express terms makes all the assets of the estate responsible for the obligations of the business to be carried on, or authorizes the executrix to make contracts on behalf of the estate for that purpose. The executrix is authorized to carry on the business theretofore conducted by the testator, and undoubtedly exposed the assets of the estate invested in the business to the vicissitudes of the business, and protected the executor from any loss sustained in carrying out the provisions of the will in good faith; but the executor is nowhere authorized to become a member of such a voluntary association, or to pledge the assets of the estate for such a purpose. The agent of the executrix, being a member of the association, applied for and obtained a bond to qualify him as such a member; and it may be claimed the defendant, through her agent, agreed to indemnify the surety on that bond for any loss sustained by reason of its execution. But whatever the form of the obligation, and whatever obligation it would impose upon the executrix individually, it seems to me quite clear that it imposed no obligation upon the estate of which she was executrix, and that the judgment, therefore, cannot be sustained.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

